JUDITH A. TEMBY, Secretary Board of Regents of the University ofWisconsin System
On behalf of the Board of Regents you have asked whether a state employe serving on the board of directors or accepting compensation for services from a company that is a principal under section 13.62(12), Stats., violates section 13.625, the prohibited practices section of the lobby law.
Section 13.625(3) provides: "No candidate for an elective state office, elective state official or other officer or employe of the state may solicit or accept anything of pecuniary value from a lobbyist or principal, except as permitted under subs. (1)(c) and (2) and s. 19.56." A "principal" is defined as any person or organization who employs a lobbyist. Sec. 13.62(12), Stats. It has not been suggested that compensation for services as a director is not something of pecuniary value. Therefore, unless one of the exceptions applies, the state official or employe could not receive compensation for services from a principal.
Section 13.625(1) allows lobbyists and principals to make campaign contributions during certain times of the year. Section13.625(2) applies the general prohibited practices section to principals but also provides that the general prohibitions should not be construed as applying "to the furnishing of transportation, lodging, food, meals, beverages or any other thing of pecuniary value which is also made available to the general public." That exception to the law is also inapplicable in this situation. Therefore, if an exception is to be found it must be found in section 19.56.
Section 19.56 provides an exception to the state ethics code for honoraria, fees and expenses. Section 19.56(1) states the general legislative intent as encouraging public officials to meet with clubs, conventions, special interest groups and other groups to discuss and interpret legislative, administrative and other governmental processes and proposals. Section 19.56(2) requires public officials who receive anything with a combined pecuniary value of more *Page 161 
than $50 "for a published work or for the presentation of a talk or participation in a meeting" to report that receipt to the state ethics board. Although section 19.56(2) contains some exceptions to the reporting requirements, it does not provide any exceptions to the substantive provisions of the ethics code.
Those exceptions are found only in section 19.56(3), which provides that notwithstanding section 19.45, the substantive ethics code,
 a state public official may receive and retain reimbursement or payment of actual and reasonable expenses for a published work or for the presentation of a talk or participation in a meeting and may receive and retain reasonable compensation if the work is published or the activity is accomplished by the official without the use of the state's time, facilities, services or supplies not generally available to all citizens of this state and, in the case of an official not holding an elective office, outside the course of his or her official duties.
If an official receives payment which is not authorized, the law prohibits the official from retaining the payment.
The exception in section 19.56(3) applies only to reasonable expenses for a "published work," "presentation of a talk" or "participation in a meeting." The statute, therefore, does not provide a general exception for compensation for services. The exception for participation in a meeting must be read in context with the other exceptions for presenting a talk or publishing a work. It does not include the kind of meeting generally held by corporate boards of directors. Boards of directors may accomplish their work at meetings and may be reimbursed on a per meeting basis, but the compensation paid the directors is for their services as directors, not simply for attending a meeting. The exception for "meetings" is explained in section 19.56(1) as meeting with clubs, conventions, special interest groups, etc. "to discuss and to interpret legislative, administrative, executive or judicial processes and proposals . . . ." A board of directors meeting would not be included within that definition.
Because none of the exceptions listed in section 13.625(3) applies, a state employe may not be compensated for serving on the board of directors or for providing any other service to a principal. One may certainly question whether the Legislature was aware that *Page 162 
it was prohibiting any state employe from accepting any employment from a principal, no matter what position that employe holds in state government. For example, under the clear and unambiguous language of the statute, a janitorial employe of the state could not accept employment in the same capacity from a company which was also a principal. But since the statute is not at all ambiguous, I must conclude that the Legislature meant what it said. The statute does not make any distinction between employes with decision-making responsibilities, who lobbyists may wish to influence, and those who perform ministerial duties. This broad sweep may indeed have been intentional; the Legislature may have been unwilling to attempt to draw such distinctions or may have found it impossible to do so.
It is also possible, however, that the Legislature did not intend the sweeping effect of the statutory language, given the potential impact it could have on the generally accepted goal of encouraging university professors and other state employes to share their expertise with the private sector and the practice of such sharing that has developed over the years.
I am bringing this opinion to the attention of the Governor and Legislature so they will be fully aware of the law's broad sweep in the event corrective action is deemed desirable.
DJH:AL *Page 163